IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

| | |
|---|---|
| VINCE KWIATKOWSKI, individually and on) behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>TEMPLETON GROWTH FUND, INC. and )<br>TEMPLETON GLOBAL ADVISORS )<br>LIMITED, )<br><br>Defendants. ) | 05-CV-299-DRH<br><br>Case No: 03-L-785<br><br>**JURY TRIAL DEMANDED** |

**Amended Answer of
Templeton Growth Fund, Inc.
to the Complaint**

FILED
ST. CLAIR COUNTY

JAN 2 7 2005

28 _____ CIRCUIT CLERK

Defendant Templeton Growth Fund, Inc. ("Fund, Inc.") answers the Complaint as follows:

Fund, Inc. denies the allegations in the Complaint about or pertinent to Fund, Inc., Global Advisors and plaintiff Vince Kwiatkowski unless expressly admitted or otherwise responded to as follows:

**Para.  Response**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations about Vince Kwiatkowski's residence.

2. Denies, except admits that Fund, Inc. is a Maryland Corporation with its principal place of business in Fort Lauderdale, Florida, and that Fund, Inc. is a registrant with the United States Securities and Exchange Commission.

**EXHIBIT**

D

3.      Denies, except admits that Global Advisors is a Bahamas corporation with its principal place of business in Nassau, Bahamas; that the day-to-day tasks associated with running the business of Fund, Inc., such as investment management, share marketing, distribution, redemption, financial and regulatory reporting and custodianship of funds are contracted out since it has no employees; that Global Advisors is under contract to serve as the investment manager for Fund, Inc., and that Global Advisors selects Fund, Inc.'s investments.

4.      Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about Vince Kwiatkowski's purported purpose for owning and holding shares of Fund, Inc.; and admits that Vince Kwiatkowski purports to have owned and held shares of Fund, Inc.

5.      Denies.

6.      Denies.

7.      Denies, except admits that the foreign securities purchased by Fund, Inc. for its portfolio are traded principally in securities markets outside of the United States.

8.      Denies.

9.      Denies, except admits that, in general, shares of open end mutual funds are sold to investors at a price based upon the net asset value ("NAV") per share plus any applicable charges; and that those investors may redeem their share(s) at the NAV of the share(s) less any applicable charges.

10.     Admits.

2

11.        Denies, except admits that sales and redemption prices are based upon the NAV
           which in turn depends, in part, upon the fluctuating value of Fund, Inc.'s
           underlying portfolio of securities; the NAV is recalculated every business day;
           and that Fund, Inc.'s share price (NAV) is set once every business day at the close
           of trading on the New York Stock Exchange.

12.        Denies, except admits that a significant portion of the securities in Fund, Inc. are
           foreign securities; the home markets for such foreign securities include London,
           Paris, Frankfurt, Moscow, Singapore, Kuala Lumpur, Hong Kong, Taipei, Tokyo
           and Sydney; and those markets are located in time zones that are approximately
           five hours to fifteen hours ahead of Eastern Standard Time.

13.        Denies, except denies knowledge or information sufficient to form a belief as to
           the truth of the allegations about "[s]tudies of world financial markets"; and
           "correlation between the value of the fund's securities and these benchmarks."

14.-15.    Denies knowledge or information sufficient to form a belief as to the truth of the
           allegations.

16.        Denies.

17.        Denies, except admits on information and belief that the securities markets in
           Australia, Japan, Taiwan, Hong Kong, Malaysia, Singapore, Russia, Germany,
           France and the United Kingdom have traded for an entire session before the NAV
           is set for the Fund.

18.        Denies, except admits on information and belief that the exchange located in
           Sydney, Australia observes normal trading hours of 10:00 a.m. to 4:00 p.m. local
           time; and that, in general, active trading of securities traded on this exchange
           ends, and closing prices for those securities are posted at 4:00 p.m. local time

3

(often at 2:00 a.m. Eastern time).

19.        Denies, excepts admits on information and belief that the exchange located in Tokyo, Japan observes normal trading hours of 9:00 a.m. to 3:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 3:00 p.m. local time (often at 2:00 a.m. Eastern time).

20.        Denies, except admits on information and belief that the exchange located in Taipei, Taiwan observes normal trading hours of 9:00 a.m. to 1:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 1:30 p.m. local time (often at 1:30 a.m. Eastern time).

21.        Denies, except admits on information and belief that the exchange located in Hong Kong observes normal trading hours of 10:00 a.m. to 4:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:00 p.m. local time (often at 4:00 a.m. Eastern time).

22.        Denies, except admits on information and belief that the exchange located in Kuala Lumpur, Malaysia observes normal trading hours of 9:30 a.m. to 5:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 5:00 p.m. local time (often at 5:00 a.m. Eastern time).

23.        Denies, except admits on information and belief that the exchange located in Singapore observes normal trading hours of 9:00 a.m. to 5:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 5:00 p.m. local time (often at 5:00

4

a.m. Eastern time).

24.     Denies.

25.     Denies, except admits on information and belief that the exchange located in Frankfurt, Germany observes normal trading hours of 9:00 a.m. to 8:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 8:00 p.m. local time (often at 2:00 p.m. Eastern time).

26.     Denies, except admits on information and belief that the exchange located in Paris, France observes normal trading hours of 9:00 a.m. to 5:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 5:30 p.m. local time (often at 11:30 a.m. Eastern time).

27.     Denies, except admits on information and belief that the exchange located in London, England observes normal trading hours of 8:00 a.m. to 4:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:30 p.m. local time (often at 11:30 a.m. Eastern time).

28.     Denies, except admits that a portion of the underlying securities of Fund, Inc. are listed on foreign exchanges and trade during each market's respective session.

29.     Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what the "market timing strategy stems from"; what "[m]arket timing traders are able to predict"; and the "stale price strategy of market timers."

30.-36.      Denies.

37.          Denies, except admits that Plaintiff purports to bring this action as a class action.

38.-43.      Denies.

44.          Repeats and realleges its responses to the paragraphs incorporated by reference therein.

45.          Denies, except respectfully refers to the prospectus for a correct statement of its contents.

46.          Denies, except declines to respond to matters of law (particularly what the board of directors is "required" to review and approve); and admits that Global Advisors serves as the investment manger of the Fund; provides portfolio management services to and selects the securities for the Fund to buy, hold or sell; and further asserts that Global Advisors receives fees based on the percentage of assets under management for managing the Fund's assets.

47.          Denies, except admits that Plaintiff purports to have owned shares of Fund, Inc.

48.          Declines to respond to matters of law.

49.-50.      Denies.

51.          Repeats and realleges its responses to the paragraphs incorporated by reference therein.

52.-54.      Denies.

6

## **Additional and Affirmative Defenses**

Without waiving its denial of liability, defendant Fund, Inc. alleges the following additional and affirmative defenses:

### First Affirmative Defense

To the extent that any portion of the claims asserted in the Complaint are individual claims, they would be claims in connection with the purchase or sale of securities, and therefore exist only (if at all) under the federal securities laws.  As provided in the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f), no state law claim can be maintained as to such matters.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over this action.

### Third Affirmative Defense

The Complaint fails to state a claim against Fund, Inc. and Global Advisors upon which relief may be granted.

### Fourth Affirmative Defense

The claims asserted in the Complaint are derivative claims, not class claims, and this action is not properly brought as a class action.

### Fifth Affirmative Defense

The Complaint, which asserts solely derivative claims, fails to allege the efforts, if any,

7

made to make demand on the Fund's Board of Directors to take the actions Plaintiff desires and the reasons for his failure to obtain the action or for not making the effort.

### Sixth Affirmative Defense

Plaintiff's action is not maintainable as a class action because Plaintiff fails to satisfy the applicable requirements for maintenance of a class action under Illinois law.

### Seventh Affirmative Defense

The claims asserted by Plaintiff are preempted by federal law. The claims relate to the pricing of portfolio securities of the Fund. This entire matter is the subject of a complex, nationwide regulatory scheme administered by the Securities and Exchange Commission through rules, regulations and regular audits and is not a matter appropriately before this Court.

### Eighth Affirmative Defense

The Complaint fails to allege any legally cognizable theory of damages.

### Ninth Affirmative Defense

The claims against Fund, Inc. and Global Advisors are barred in whole or in part by the applicable statutes of limitation.

### Tenth Affirmative Defense

The claims asserted by Plaintiff are barred by the doctrines of laches, waiver, estoppel and ratification.

8

Eleventh Affirmative Defense

Venue is not proper in this Court.

Twelfth Affirmative Defense

The Court lacks personal jurisdiction over the defendants.

Thirteenth Affirmative Defense

Plaintiff lacks standing to assert the claims in the Complaint.

Fourteenth Affirmative Defense

The claims of Plaintiff and the members of the purported class are barred because they have incurred no damages as a result of Defendants' alleged conduct and/or have failed to mitigate their damages.

Fifteenth Affirmative Defense

In the event that Plaintiff's purported class is certified, defendant Fund, Inc. reserves the right to assert any and all other and further defenses against any member of any class that may be certified.

Sixteenth Affirmative Defense

Defendant Fund, Inc. hereby gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defense.

9

Seventeenth Affirmative Defense

Defendant Fund, Inc. states that Plaintiff has not stated and cannot state a claim for punitive damages for one or more of the following reasons:

A.     The recovery of punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and would be based upon a standard which is unconstitutionally vague.

B.     The recovery of punitive damages would violate substantive due process, as afforded under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that defendants may be subject to multiple awards for a single course of conduct.

C.     The imposition of punitive damages would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

D.     The recovery of punitive damages is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure meaningful individualized assessment of appropriate deterrence and retribution.

E.     The recovery of punitive damages is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because there are no realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

F.     The recovery of punitive damages is barred by the Equal Protection Clause of the

10

Fourteenth Amendment to the United States Constitution, because the vague standard employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct.

G.      The recovery of punitive damages is barred by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, since the purpose of punitive damages is to punish and deter, and there are no adequate procedural safeguards in place to protect a defendant's right against self-incrimination, right to proof beyond a reasonable doubt and right to freedom from unreasonable searches and seizures.

H.      The recovery of punitive damages in this case is barred by the provisions of the Constitution of the State of Illinois.  Such damages are precluded because the standards of recovery of the same are too vague to give notice of the conduct prohibited, and they would subject defendants to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.

Wherefore, Fund, Inc. demands judgment dismissing the Complaint and awarding it costs, attorneys' fees and such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant Fund, Inc. hereby demands a trial by jury of the claims in this action.

11

Dated:   January 27, 2005

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By:

Raymond R. Fournie          #3126094
Glenn E. Davis              #6184597
Lisa M. Wood               #6202911
Jacqueline P. Ulin        #6276863
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
TEMPLETON GROWTH FUND, INC. AND
TEMPLETON GLOBAL ADVISORS, LTD.

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 27th day of January, 2005:

George A. Zelcs, Esq.
KOREIN TILLERY
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois  60602

Stephen M. Tillery, Esq.
KOREIN TILLERY
10 Executive Woods Ct.
Swansea, Illinois  62226

Eugene Barash, Esq.
KOREIN TILLERY
701 Market Street, Suite 300
St. Louis, Missouri  63101

Andrew S. Friedman
Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Ave., Suite 1000
Phoenix, Arizona  85012

ATTORNEYS FOR PLAINTIFF

13

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

|  |  |  |
|---|---|---|
| VINCE KWIATKOWSKI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No: 03-L-785 |
| TEMPLETON GROWTH FUND, INC. and TEMPLETON GLOBAL ADVISORS LIMITED, | ) ) ) ) | |
| Defendants. | ) ) | |

```
          FILED
    ST. CLAIR COUNTY

   SEP 1 6 2004
              Cdry kty
 22        CIRCUIT CLERK
```

## MOTION OF TEMPLETON GROWTH FUND, INC. TO DISMISS PURSUANT TO DOCTRINE OF INTERSTATE FORUM NON CONVENIENS

Defendant Templeton Growth Fund, Inc. ("Templeton Growth Fund"), by its attorneys, respectfully moves the Court to dismiss this action, pursuant to the interstate forum non conveniens doctrine, on the ground that this Court is an improper forum for the action.

In support of its motion, Templeton Growth Fund states as follows:

### I. The Complaint

1. The Complaint is brought by an alleged investor in the Florida-based Templeton Growth Fund purporting to sue on behalf of himself and a putative class of investors in that Fund. The Complaint names two defendants, Templeton Growth Fund and Templeton Global Advisors Limited ("Global Advisors"), the Bahamas-based adviser to the Fund.

2. The Complaint alleges that the defendants value Templeton Growth Fund's shares at 4:00 p.m. E.S.T. using the last trade price in the home market of each foreign security held by the Fund (Cplt. ¶¶ 11-12). The Complaint alleges that those foreign prices are "stale" since they do not reflect the current value of those shares at 4:00 p.m. E.S.T. when the value of the Fund

shares is determined (Cplt. ¶ 16). It then claims that market-timing traders take advantage of the alleged stale prices to obtain excess profits at the expense of the Fund and its shareholders (Cplt. ¶¶ 30-31).

## II. Ground for Dismissal: The Doctrine of Interstate *Forum Non Conveniens*

3. In Illinois, pursuant to the common law doctrine of interstate forum non conveniens, the "court may decline jurisdiction of a case even though it may have proper jurisdiction over all parties and the subject matter involved whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.'" Cook v. General Elec. Co., 146 Ill. 2d 548, 588 N.E.2d 1087 (1992); Adkins v. Chicago Rock Island & Pac. R.R., 54 Ill. 2d 511, 514 N.E.2d (1973).

4. Illinois courts must balance a number of factors in determining whether a case should be transferred to another forum pursuant to the doctrine of interstate[1] forum non conveniens. The relevant factors include "private factors," which consider whether the forum is convenient for the litigants, and "public factors," which take into account the administration of the courts.

5. The private factors include: (1) the convenience of the parties; (2) the relative ease of access to sources of proof; and (3) all other practical problems that make trial of a case "easy, expeditious, and inexpensive," such as, the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of such witnesses. See First Nat'l Bank v. Guerine, 198 Ill. 2d 511, 516, 764 N.E.2d 54, 58 (2002); Peile v. Skelgas, Inc., 163 Ill. 2d 323, 336-37, 645 N.E.2d 184, 190-91 (1994) The public factors include: (1)

---

[1] The same considerations of convenience and fairness apply equally when deciding motions based upon interstate forum non conveniens or intrastate forum non conveniens. See Vinson v. Allstate, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859 (1991) (citing Torres v. Walsh, 98 Ill. 2d 338, 350, 456 N.E.2d 601, 607 (1983)).

2

court congestion; (2) the interest of having "localized" controversies decided locally; and (3) the unfairness and burden of imposing the expense of a trial and the obligation of jury duty on residents of an unrelated forum. See First Nat'l Bank v. Guerine, 198 Ill. 2d at 517, 764 N.E.2d at 58; Peile v. Skelgas, Inc., 163 Ill. 2d at 336-37, 645 N.E.2d at 190-91. In applying that test, courts must evaluate the "total circumstances" of the case, without placing central emphasis on any one factor. First Nat'l Bank v. Guerine, 198 Ill. 2d at 518, 764 N.E.2d at 59. The application of the forum non conveniens doctrine has been addressed in a number of other Illinois Supreme Court decisions as well. See, e.g., Cook, 146 Ill. 2d at 555, 588 N.E.2d at 1091; Washington v. Illinois Power Co., 144 Ill. 2d 395, 399, 581 N.E.2d 644, 645 (1991); Bland v. Norfolk and W. Ry., 116 Ill. 2d 217, 224, 506 N.E.2d 1291, 1294-95 (1987); Wieser v. Missouri Pac. RR., 98 Ill. 2d 359, 366-72, 456 N.E.2d 98, 102-04 (1983).

6.    Here, in light of those factors the Court should dismiss the action on the ground of interstate forum non conveniens. Illinois had no role in the challenged events, such as the valuations of portfolio securities. Rather, they took place in Florida and elsewhere. The convenience of the parties and the witnesses further demonstrates that Illinois is an improper forum for this litigation. Templeton Growth Fund and Global Advisors have no office or employees in Illinois. Rather, they are located in Florida and the Bahamas, respectively.

7.    Similarly, none of the pertinent witnesses resides in or near Illinois. Rather, they all live in or near Florida. Plaintiff himself will not be an important witness at trial. He has no first-hand knowledge of the challenged conduct; the Complaint does not mention any conduct by him or communication to him as part of the claims. The same is true for other members of the purported class. Accordingly, there is no reason to defer to this single plaintiff's choice of a forum. Finally, none of the other sources of proof is located in Illinois. The relevant documents

3

are located principally in Florida and the Bahamas.

    8.    Templeton Growth Fund will file a memorandum of law setting forth its legal arguments and case authority supporting the dismissal of plaintiff's action.

    Wherefore, for the reasons set forth herein, in the Affidavit of Robert C. Rosselot attached hereto as Exhibit A, and in the memorandum of law to be filed in support of this motion, Defendant Templeton Growth Fund, Inc. respectfully requests that the Court grant the motion to dismiss the Complaint pursuant to the doctrine of interstate forum non conveniens.

Dated:    September 16, 2004

                    Respectfully submitted,

                    ARMSTRONG TEASDALE LLP

By:

                    Raymond R. Fournie        #3126094
                    Glenn E. Davis            #6184597
                    Lisa M. Wood             #6202911
                    Jacqueline P. Ulin        #6276863
                    One Metropolitan Square, Suite 2600
                    St. Louis, Missouri 63102-2740
                    (314) 621-5070
                    (314) 621-5065 (Facsimile)

4

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY  10036
(212) 575-4700
(212) 575-6560 (Facsimile)

                        ATTORNEYS FOR DEFENDANTS
                        TEMPLETON GROWTH FUND, INC. AND
                        TEMPLETON GLOBAL ADVISORS
                        LIMITED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 16th day of September, 2004:

George A. Zelcs, Esq.
KOREIN TILLERY
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois  60602

Stephen M. Tillery, Esq.
KOREIN TILLERY
10 Executive Woods Ct.
Swansea, Illinois  62226

Eugene Barash, Esq.
KOREIN TILLERY
701 Market Street, Suite 300
St. Louis, Missouri  63101

Andrew S. Friedman
Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Ave., Suite 1000
Phoenix, Arizona  85012

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

VINCE KWIATKOWSKI, individually and )
on behalf of all others similarly situated, )
                                          )
              Plaintiffs,                 )
                                          )
vs.                                       )        Case No: 03-L-785
                                          )
TEMPLETON GROWTH FUND, INC. and           )
TEMPLETON GLOBAL ADVISORS                 )
LIMITED,                                  )
                                          )
              Defendants.                 )

## AFFIDAVIT OF ROBERT C. ROSSELOT

State of Florida       )
                       ) ss.:
Broward County         )

Robert C. Rosselot, being first duly sworn, deposes and states:

1. I am Assistant Secretary of Defendant Templeton Growth Fund, Inc. ("Templeton Growth Fund"), and have held that position since 2001. I am also an attorney at law . I submit this Affidavit in support of Templeton Growth Fund's motion to dismiss the Complaint pursuant to the doctrine of interstate <u>forum</u> <u>non</u> <u>conveniens</u>. I have personal knowledge of the matters set forth herein.

2. Templeton Growth Fund is a Maryland corporation with its principal place of business in Ft. Lauderdale, Florida.   Vince Kwiatkowski alleges he is a shareholder of Templeton Growth Fund.

3. Defendant Templeton Global Advisors Limited ("Global Advisors") is a corporation organized under the laws of the Bahamas with its sole place of business in Lyford Cay, Nassau,



EXHIBIT
A

Bahamas. Global Advisors, at all relevant times, has provided investment advisory services to Templeton Growth Fund.

4. None of the challenged conduct — the allegedly improper valuations of portfolio securities of Templeton Growth Fund and allegedly allowing "market timing" transactions in Templeton Growth Fund — occurred in Illinois. It occurred in Florida and elsewhere. In those locations, Fund board meetings took place and other challenged conduct – in particular, fund trading, fair value pricing, and surveillance for market timers – occurred.

5. Neither Templeton Growth Fund nor Global Advisors has an office in Illinois. None of the directors, officers or employees resides or works in Illinois. They reside and work in Florida, the Bahamas, and elsewhere.

6. The pertinent witnesses — especially the officers and employees of Global Advisors and affiliates with direct knowledge about market timing policies and the valuation of the foreign securities held by Templeton Growth Fund — reside and/or work in or near Florida.[1] Very little or no airplane travel should be required of the witnesses to attend a trial there — unlike Illinois. Indeed, there is no assurance that all those witnesses would appear at a trial in Illinois. Moreover, the attendance of those persons at a trial in Illinois would require them to be absent from their work, possibly for an extended period of time. There is no non-stop service between St. Louis and Nassau, Bahamas. Obviously, any disruption in the work of the persons managing or administering Templeton Growth Fund because of travel would not benefit Templeton Growth Fund or its stockholders.

---

[1] The witnesses are listed in Exhibit A.

7. Plaintiff himself will not be providing important testimony at the trial of this purported class action. Mr. Kwiatkowski is allegedly the record owner of only one of the thousands of shareholder accounts of Templeton Growth Fund and there is no reason to believe that Mr. Kwiatkowski has first-hand knowledge of the challenged conduct. The complaint does not mention a single act by or communication to Mr. Kwiatkowski or any member of the purported class.

8. Global Advisors and Templeton Growth Fund have no business records in Illinois. Their business records are located principally in Florida and the Bahamas.

9. In sum, there is no connection whatsoever of this purported class action to Illinois other than the fact that the would-be class plaintiff lives in Illinois.

Robert C. Rosselot

Sworn to before me this
15th day of September, 2004.

Notary Public

Karen S. Ciampa
Commission # DD 021489
Expires June 13, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

3

## EXHIBIT A

| Name | Work Address | Position |
|---|---|---|
| Jimmy D. Gambill | Fort Lauderdale, Florida | President of Franklin Templeton Services, LLC and Sr. Vice President and Chief Executive Officer – Finance and Administration of Templeton Growth Fund, Inc. |
| Edward L. Geary | Fort Lauderdale, Florida | Sr. Vice President of Franklin Templeton Services, LLC |
| Thomas Johnson | St. Petersburg, Florida | Manager, Compliance |
| Jeffrey A. Everett | Nassau, Bahamas | President, Templeton Global Advisors Limited |
| Peter D. Jones | St. Petersburg, Florida | President, Franklin/Templeton Distributors, Inc. |
| Andrew H. Hines, Jr. | St. Petersburg, Florida | Former Independent Director of Templeton Growth Fund, Inc. |
| Charles B. Johnson | San Mateo, California and Miami, Florida | Chairman of the Board and Director of Templeton Growth Fund, Inc. |